Filed 1/15/26  Cole v. Superior Court CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KORRELL SANTANA COLE, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; THE PEOPLE, Real Party in Interest. | G064762 (Super. Ct. No. 16WF0220) O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Petition granted.

Richard L. Fitzer, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Todd Spitzer, Orange County District Attorney, and Holly M. Woesner, Deputy District Attorney, for Real Party in Interest.

\* \* \*

In this writ proceeding, petitioner Korrell Santana Cole challenges the summary denial of his request for discovery under the California Racial Justice Act of 2020 (RJA or the Act). (Pen. Code, § 745.)[1] Cole made the request in conjunction with a petition for a writ of habeas corpus, but the trial court ruled RJA discovery is not permitted in that context unless the petitioner first makes a prima facie showing for habeas relief. Because Cole did not make such a showing, the court summarily denied his discovery request without addressing its merits.

While Cole's challenge to that ruling was pending in this court, the Legislature enacted Assembly Bill No. 1071, which became effective January 1, 2026. (See Stats. 2025–2026, ch. 721 (Assembly Bill 1071).) Designed to expand access to RJA discovery, Assembly Bill 1071 allows defendants to seek such discovery when they file a petition for writ of habeas corpus, *or in preparation of filing such a petition*. Because Assembly Bill 1071 does not condition access to RJA discovery on a prima facie showing for habeas relief, we grant Cole's petition for a writ of mandate. As requested by Cole, we direct the trial court to vacate its order summarily denying his request for discovery and remand for the court to consider the merits of that request.

---

[1] All further statutory references are to the Penal Code.

PROCEDURAL BACKGROUND

In 2020, Cole was sentenced to an indeterminate life sentence for attempted murder and other crimes. The judgment was affirmed on appeal and is now final. (See *People v. Cole* (Oct. 18, 2023, G061355) [nonpub. opn.].)

In 2024, Cole filed an in propria persona petition for a writ of habeas corpus in the trial court, alleging his conviction and resulting sentence were obtained in violation of the RJA. In conjunction with the petition, Cole also requested discovery pursuant to the RJA. The trial court denied the petition and the discovery request, finding Cole had failed to make a prima facie showing for relief.

Cole then renewed his request for discovery in the trial court, but again the request was denied. Although the court recognized section 745, subdivision (d) allows defendants to request the disclosure of evidence relevant to a potential violation of the RJA, it determined that provision applies only in pending criminal proceedings in nonfinal judgments. Because the judgment in Cole's underlying case is final, and because he did not make a prima facie showing for habeas relief, the court ruled there was no basis to support his "freestanding request for post-conviction discovery."

On October 10, 2024, Cole filed a petition for writ of habeas in this court. We treated the petition as one for writ of mandate and ordered the People to show cause on the issue of discovery. The People filed their return on June 16, 2025, and Cole's appointed attorney filed his traverse on August 27, 2025. In response to our request, the parties also submitted letter briefs addressing the effect of Assembly Bill 1071 on this writ proceeding.

DISCUSSION

The RJA was enacted in 2020 "with a stated aim 'to eliminate racial bias from California's criminal justice system' and 'to ensure that race

3

plays no role at all in seeking or obtaining convictions or in sentencing.' [Citation.] To that end, the RJA prohibits the state from seeking or obtaining a criminal conviction, or seeking, obtaining, or imposing a sentence, on the basis of race, ethnicity, or national origin." (*People v. Wilson* (2024) 16 Cal.5th 874, 944–945.)

Under the RJA, an incarcerated defendant whose judgment is final may bring a claim for relief under the Act by filing a petition for writ of habeas corpus. (§ 745, subd. (b).) He or she may also "file a motion requesting disclosure . . . of all evidence relevant to a potential violation of [the RJA] in the possession or control of the state." (*Id.*, subd. (d).) "Upon a showing of good cause, the court shall order the records to be released." (*Ibid.*)

Prior to the passage of Assembly Bill 1071, the Courts of Appeal had issued conflicting opinions on whether a habeas petitioner could obtain discovery to pursue an RJA claim before making a prima facie case for relief. (Compare *In re Montgomery* (2024) 104 Cal.App.5th 1062, review granted Dec. 11, 2024, S287339 [concluding discovery is not permitted in that situation] with *People v. Serrano* (2024) 106 Cal.App.5th 276, review granted Jan. 15, 2025, S288202 [holding contra].) The California Supreme Court granted review in those cases and was poised to resolve the issue, but it dismissed review after Assembly Bill 1071 was signed into law. (*Montgomery on H.C.* (Dec. 30, 2025, S287339) 2025 WL 3770124; *People v. Serrano* (Dec. 30, 2025, S288202) 2025 WL 3770843.) The dismissals were without prejudice to the defendants in those cases filing any new discovery requests under the RJA, as amended by the new law. (*Ibid.*)

Assembly Bill 1071 was enacted to "clarif[y] the RJA's procedures to assure its meaningful implementation." (Assem. Bill 1071, ch. 721, § 1, subd. (a).) On the issue of discovery, the Legislature declared "individuals

must be afforded access to a broad range of relevant discovery to develop and support their *potential* RJA claims. Otherwise, they are left in the impossible position of having their claims rejected for want of the very data they seek. This is antithetical to the RJA." (Assem. Bill 1071, ch.721, § 1, subd. (b), italics added.)

To facilitate this goal, Assembly Bill 1071 allows defendants to file a motion for relevant evidence under the RJA upon filing a petition for a writ of habeas corpus, or "in preparation to file" such a petition. (Assem. Bill 1071, ch. 721, § 3, adding section 1473, subd. (e)(2).) The quoted phrase resolves the jurisdictional issue presented in this writ proceeding. Consistent with the Legislature's stated intent, the phrase clearly gives trial courts the authority to consider a defendant's claim for discovery under the RJA even if, as in this case, he does not make a prima facie showing for relief in his petition for writ of habeas corpus.

As the parties recognize, that does not mean Cole's current petition is moot. Rather, it simply means he prevails on the jurisdictional issue presented in this proceeding. (See *Save Our Capitol! v. Department of General Services* (2024) 105 Cal.App.5th 828, 834.) We therefore grant his petition for relief and remand for further proceedings.

## DISPOSITION

Cole's petition for a writ of mandate is granted. On remand, the trial court is directed to vacate its order denying Cole's request for discovery and to consider the request on its merits.



GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.